UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| TIANNA LABOY and KARINE LABOY ex rel BABY N.<br>　　Plaintiffs<br><br>v.<br><br>Scott Semple, Commissioner of the Connecticut Department of Correction in his individual capacity; Dr. Tricia Machinski, OB/GYN for York Correctional Institute; CO Alberto Ortiz; CO Silvia Surreira; RN Michelle Fiala; RN Brianna Simmons<br>　　Defendants. | 3:19-cv-307 (JCH)<br><br><br><br><br><br>SEPTEMBER 1, 2020 |

## PLAINTIFFS' SECOND MOTION FOR JOINDER

Pursuant to Fed. R. Civ. P. 20 of the Federal Rules of Civil Procedure, Plaintiffs Tianna Laboy and Karine Laboy ex rel Baby N. hereby move to join new parties to this case.

Plaintiffs T. Laboy and Karine Laboy ex rel Baby N. seek to join Lt. Welbi Vega and Lt. Scott York and the Department of Correction, a public entity pursuant to the Americans with Disabilities Act, as parties.

Plaintiffs T. Laboy and Karine Laboy ex rel Baby N. simultaneously file their Second Motion for Leave to Amend, Red-Lined Second Proposed Amended Complaint

and Second Proposed Amended Complaint to support the joinder of these Defendants.

### I.      Factual Background

Plaintiff Tianna Laboy is an inmate within the custody and control of the Connecticut Department of Corrections ("DOC"). Ms. Laboy has been an inmate since approximately August 2017. Upon her admission to the DOC, Ms. Laboy was a pre-trial detainee pregnant with her first child. Ms. Laboy delivered her baby, Baby N., in her locked cell on February 13, 2018 with assistance of her cellmate, and no medical help whatsoever.

She moved to amend original complaint in August 2019, which the Court approved in December 2019 and she filed December 16. 2019 (ECF 60). This First Amended Complaint added defendants, but contained causes of actions Eighth Amendment right to be free from cruel and unusual punishment under 42 U.S.C. §1983, relates to the medical care that Ms. Laboy and Baby N received or failed to receive during her incarceration. Plaintiff T. Laboy and Karine Laboy ex rel Baby N allege this failure of care caused pain, injury and emotional distress and amounts to deliberate indifference to a serious medical need under the Fourteenth Amendment, as well as the claim that Baby N. was falsely imprisoned.

Pursuant to the parties Rule 26(f) scheduling conference and the Court's Scheduling Order (Doc 13), the Plaintiffs Amended Complaint was to be filed by August

1, 2019. Pursuant to a Joint Motion for Extension of Time (Doc. 26), the Plaintiffs requested an additional 30 days to file their Amended Complaint with was granted on July 16, 2019 (Doc. 27). Discovery has been ongoing during this time period. While preparing that Amended Complaint, Defendants provided a portion of the Security Division Investigation that allowed for a better understanding of the care provided to Ms. Laboy and Baby N. This new documentation lead directly to the first Motion to Join Parties (ECF 35).

However, that document from July 2019 was not the completed Security Division Investigation, which Plaintiffs moved to compel in February 2020. When Plaintiffs received it, they understood that actions of other custody personnel – Lt. Welbi Vega and Lt. Scott York - appeared to rise to the level of deliberate indifference to medical care. Upon further inspection, this conduct also appeared to amount to a failure to protect under the Fourteenth Amendment.

Specifically, Plaintiffs T. Laboy and Baby N. seek to join Vega and York because they failed Plaintiffs the night of February 13, 2018. Vega and York were supposed to make rounds of York CI. They did not do so, but forged entries in the prison records to show they did. Had they made the tours, they would have seen for themselves the obvious distress Ms. Laboy suffered that night.

Plaintiffs also seek to join the Department of Correction ("DOC"), a public entity under Title II of the Americans With Disabilities Act, because the Department of Correction discriminated against Ms. Laboy, who has been diagnosed with disabilities

under the ADA.

## II. The Law Allows Plaintiff To Join New Parties

Plaintiffs' joinder of proposed defendants DOC, Vega and York are proper and allowable.

While the Section 2(b) of the Connecticut Standing Order on Scheduling in Civil Cases states that all motions relating to joinder of parties shall be filed within 60 days after filing of the complaint, other precedent allows for the joinder of new parties at this stage of the litigation. Additionally, the updated scheduling order in this matter allowed for joinder at the time of filing the Plaintiffs' Second Amended Complaint.

### a. Fed. R. Civ. P. 20

Pursuant to Fed. R. Civ. P. 20, a court may, for good cause, allow permissive joinder of parties. Rule 20 states: "**(2)** *Defendants.* Persons - as well as a vessel, cargo, or other property subject to admiralty process in rem - may join in one action as defendants if: **(A)** any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and; and **(B)** any question of law or fact common to all defendants will arise in the action."

> The Court "has broad discretion to join parties or not." *Swan v. Ray*, 293 F.3d 1252, 1253 (11th Cir. 2002) (per curiam) (citations omitted). "Whether multiple claims arise from the same transaction, occurrence, or series of transactions or occurrences depends on whether a 'logical relationship'

> exists between the claims." *Rhodes v. Target Corp.*, 313 F.R.D. 656, 659 (M.D. Fla. 2016) (quoting *Alexander v. Fulton Cty., Ga.*, 207 F.3d 1303, 1323 (11th Cir. 2000), *overruled on other grounds by Manders v. Lee*, 338 F.3d 1304 (11th Cir. 2003)). For there to be a "logical relationship," the claims must "arise from common operative facts." *Barber v. America's Wholesale Lender*, 289 F.R.D. 364, 367 (M.D. Fla. 2013) (citations omitted). Even in situations where joinder is permissible, it is not mandated. *Rhodes*, 313 F.R.D. at 659. "Thus, 'even if the technical requirements for joinder are met, the Court has discretion to deny joinder if it determines that the addition of a party under Rule 20 will not foster the objectives of the rule, but will result in prejudice, expense[,] or delay.'" *Id.* (citations omitted).

*Coen* v. *Georgia Dept. of Corrections*, Docket No. 5:16-CV-00353-MTT, 2018 U.S. Dist. LEXIS 156030, at *27-28 (M.D. Ga. Sep. 13, 2018)

To determine the appropriateness of joinder, the district court is guided by the underlying purpose of joinder, which is to "promote trial convenience and expedite the resolution of disputes, thereby eliminating unnecessary lawsuits." *Swan* v. *Ray*, 293 F.3d 1252, 1253, 15 Fla. L. Weekly Fed. C 636 (11th Cir. 2002)(citing *Alexander v. Fulton County, Georgia*, 207 F.3d 1303, 1323 (11th Cir. 2000)).

"What will constitute the same transaction or occurrence under the first prong of Rule 20(a) is approached on a case by case basis." *Kehr ex rel. Kehr v. Yamaha Motor Corp., U.S.A.*, 596 F. Supp. 2d 821, 826 (S.D.N.Y. 2008) (citation omitted).

> As the Second Circuit has observed in the Rule 13 context, whether a counterclaim arises out of the same transaction as the original claim depends upon the logical relationship between the claims and whether the "essential facts of the various claims are so logically connected that considerations of judicial economy and fairness dictate that all the issues be resolved in one lawsuit." *Harris v. Steinem*, 571 F.2d 119, 123 (2d Cir. 1978).

*Ja Qure Al-Bukhari* v. *Dept. of Correction*, Docket No. 3:16-cv-1267 (SRU), 2017 U.S. Dist. LEXIS 74943, at *3 (D. Conn. May 17, 2017).

Rule 20(a) provides for permissive joinder if any fact is common to all defendants and does not require that all facts adduced be common to all. *Music Merchants, Inc. v. Capitol Records, Inc.*, 20 FRD 462, 1957 Trade Cas (CCH) P68606 (D.N.Y. 1957).

### III. Plaintiffs Are Entitled To Add New Parties

#### A. The Proposed Defendants Arise out of the same occurrences and transactions and are logically connected to the original claims

The basis of the Plaintiffs lawsuit against the original Defendants arises out of the quality of medical care Ms. Laboy and Baby N. received while in the care and custody of the DOC.

Two of the parties the Plaintiffs seek to join were directly involved in the operation of York Correctional Institute the night Ms. Laboy gave birth and are directly related to the course of conduct originally pled by the Plaintiffs. Proposed Defendants Vega and Scott failed to protect Ms. Laboy and Baby N. in such a fashion that violated her rights under the Fourteenth Amendment, and willfully disregarded a serious medical need which also amounts to deliberate indifference under the Fourteenth Amendment.

The Defendant DOC is the public entity charged with operating the prison under Title II of the ADA, 42 U.S.C. §12131(1). Plaintiff Laboy is disabled under the definition of the Title II of the ADA, 42 U.S.C. §12131(2). A federal court is the proper place to bring an ADA claim.

### B. Proposed Defendants Share Questions of Law and Facts

As set forth previously, the proposed defendants share common questions of facts. The Plaintiffs have modified counts and added facts to amend their complaint to add these three defendants. But the general facts that Ms. Laboy and Baby N. received a delayed care in violation of 42 U.S.C. §1983 have already been pled, albeit not against these particular Defendants, with the new facts particular to these Defendants.

While the questions of law for the Defendant DOC differs significantly from what was previously pled, since it is an ADA claim, the facts are mostly the same. Plaintiff T. Laboy acknowledges that she may need additional facts to show a discriminatory animus led to her treatment, but those facts are discoverable within the known universe of her case. The same witnesses which Plaintiff Laboy was going to call can also testify about the ADA now.

### C. There is no Prejudice, Expense or Delay to the Proposed Defendants

Courts have broad discretion in interpreting requirements of FRCP 20 in effort to reduce inconvenience, delay and added expense to parties and to court, and to promote judicial economy. *Guedry v. Marino*, 164 FRD 181 (E.D. La. 1995). Denial of joinder herein would add expense to the court, because of the judicial resources that would come from docketing and managing at least two new cases.

Nor is there any delay, since Plaintiffs plead these new defendants well within the three-year statute of limitations for such claims.

It is highly likely, and perhaps 100 percent predictable, that the same counsel representing the current defendants Semple and Machinski will act as counsel of record for all new defendants. If Attorney O'Neill does not appear for the additional Defendants, it is almost guaranteed counsel from the Public Safety Division of the Connecticut Office of the Attorney General will represent them.

There is no expense, delay or prejudice to the new proposed defendants.

**IV. The Court Should Allow Plaintiff to Cite In the New Parties**

For the foregoing reasons, Plaintiffs Tianna Laboy and Karine Laboy ex rel Baby N. should be granted the ability to join new party defendants Scott York, Welbi Vega and the Department of Correction to this case.

PLAINTIFFS,
TIANNA LABOY and KARINE LABOY ex rel
BABY N

    */s/ Kenneth J. Krayeske*
Kenneth J. Krayeske, Esq.
Counsel for Jeanne Imperati
Kenneth J. Krayeske Law Offices
255 Main Street, 5th Floor
Hartford, CT 06106
(860) 995-5842
FAX: (860) 760-6590
eMail: attorney@kenkrayeske.com
Federal Bar # CT28498

        */s/ DeVaughn L. Ward*
        DeVaughn L. Ward, Esq.
        Ward Law LLC
        363 Main Street, 4th floor
        Hartford, CT 06106
        860-869-4086
        Fax: 860-471-8406
        Email: dward@attyward.com
        Fed Bar No. ct30321

## **CERTIFICATE OF SERVICE**

THIS IS TO CERTIFY that on September 1, 2020, a copy of the Second Motion to Join New Party Defendants was electronically filed and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operations of the Court's electronic filing system or by mail to anyone unable to access the Court's electronic filing system as listed below. Parties may access this filing through the Court's CM/ECF System.

        */s/ Kenneth J. Krayeske*
        Kenneth J. Krayeske, Esq.